UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| CHRISTOPHER J. MEANEY | ) No. 07 B 12735 |
| | ) |
| Debtor. | ) |

**MEMORANDUM OPINION ON**
**PREMIER BANK'S OBJECTION TO REOPENING CHAPTER 7**

On July 17, 2007, Debtor, Christopher J. Meaney ("Debtor" or "Meaney"), filed his *pro se* voluntary petition for relief under Chapter 11 of the Bankruptcy Code. That case was converted to a Chapter 7 on August 20, 2007, and a Chapter 7 trustee ("Trustee") was appointed. Debtor failed to complete the course in personal financial management as required by 11 U.S.C. § 111 and Rule 1007(b)(7) Fed. R. Bankr. P. within the time period prescribed by Rule 1007(c) Fed. R. Bankr. P. Therefore, his bankruptcy case was closed without entry of a discharge order and the Trustee was discharged on December 28, 2007. On January 23, 2008, Debtor moved *pro se* for reopening of his bankruptcy case in order that he might file his Certificate of Completion of Instructional Course Concerning Personal Financial Management (the "Certificate"), the missing step required before he can obtain his discharge. The secured creditor Premier Bank ("Premier") by its counsel orally objected to Debtor's Motion to reopen. An evidentiary hearing was held at which testimony was taken and arguments were heard, from which the following Findings of Fact and Conclusions of Law are made and entered.

**FINDINGS OF FACT**

1. On August 24, 2007, after Debtor's case was converted from Chapter 11 to Chapter 7, an Order was entered setting the first meeting of creditors under 11 U.S.C. § 341 for

September 18, 2007. The last date for objecting to discharge or dischargeability was set for November 19, 2007.

2. On October 19, 2007, the meeting of creditors held under 11 U.S.C. § 341 was rescheduled for November 5, 2007.

3. Premier had foreclosed on Debtor's residence in Chicago, Illinois prior to bankruptcy, held a sale, and wanted to obtain a deficiency judgment. Debtor relocated to Saugatuck, Michigan in mid-September 2007. On October 29, 2007, Debtor filed with the Clerk a Notice of change of address to his new home at 25 Park Street in Saugatuck, Michigan.

4. The meeting of creditors under § 341 was held on November 5, and the Trustee filed a No Asset Report on November 13, 2007.

5. On November 22, 2007, the Clerk of the Bankruptcy Court (the "Clerk") mailed Debtor a Notice informing him of the requirement to complete an instructional course in personal financial management pursuant to 11 U.S.C. § 111 and Rule 1007(b)(7) Fed. R. Bankr. P. "within 45 days after the first date set for the meeting of creditors under § 341." The forty-five day deadline after the "first date set" for that meeting of creditors had expired forty-five days after September 18, 2007, on a date prior to the date that the Clerk mailed this Notice.

6. Debtor did not complete the required course in personal financial management before the Trustee was discharged and his case was closed December 28, 2007. Debtor was mailed Notice of the closure of this bankruptcy case on January 10, 2008.

7. At the evidentiary hearing, Debtor testified that he did not actually receive the Clerk's Notice until December 19, 2007. The Notice was addressed to Debtor's street address in Saugatuck, Michigan, but there is no home mail delivery in that town, and Debtor picks

up his mail from a post office box. Debtor did not offer any explanation of why he did not go into the post office to obtain his mail until December 19.

8. Debtor further testified that when he finally received the Notice he immediately called our Clerk's office to find out what to do, but he did not testify regarding the substance of that conversation.

9. On January 23, 2008, Debtor moved to reopen this bankruptcy case in order to file the required Certificate. On the same day, Debtor attempted to file his Official Form 23 ("Form 23") and Certificate. Instead of filing the Certificate at that time, Debtor attached the Receipt of Completion of the instructional course (the "Receipt"), to Form 23. Debtor testified that because he had moved to Michigan and used his Michigan address when taking the online instructional course, the Receipt bore a caption entitled "District of Michigan." Debtor whited-out "District of Michigan" and wrote in "Northern Illinois" on his Receipt.

10. Debtor was notified by the Clerk of his incorrect or incomplete filing. On February 8, 2008, Debtor re-filed Form 23 with the appropriate required Certificate attached, and he now seeks to have that filing validated by an order reopening the case, and thereby obtain his bankruptcy discharge.

11. Additional statements of fact contained in the Conclusions of Law will stand as further Findings of Fact.

## CONCLUSIONS OF LAW

Premier objects to Debtor's Motion to reopen his bankruptcy case for two reasons: First, that Debtor has not demonstrated cause to reopen insofar as he has not proven "excusable

neglect" for failing to obtain the Certificate within the time prescribed by Rule 1007(c) Fed. R. Bankr. P.; and second, that altering the Receipt demonstrates that Meaney is not the "honest debtor" entitled to relief under the Bankruptcy Code. To the contrary, it is found and held that Debtor met his burden of showing excusable neglect; the white-out of the reference to Michigan was understandable and harmless; and so his Motion to reopen will be granted.

Debtor's case was closed pursuant to 11 U.S.C. § 727(a)(11) for failure to file a Certificate of Completion of an Instructional Course in Personal Financial Management. According to § 727(a)(11), "The court shall grant the debtor a discharge, unless — after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111...." See also Fed. R. Bankr. P. 7001(b)(7) ("An individual debtor ... shall file a statement regarding completion of a course in personal financial management....").

According to 11 U.S.C. § 350(b), "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." In this case, the relief Debtor seeks is to obtain his discharge in bankruptcy. On the other hand, to reopen the case in order to file the Certificate, he must show that he is entitled to an enlargement of time pursuant to Rule 9006(b)(1) Fed. R. Bankr. P. According to Rule 9006(b)(1), "Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, *the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result*

Case 07-12735   Doc 86   Filed 03/07/08   Entered 03/10/08 13:56:33   Desc Main
Document   Page 5 of 9

*of excusable neglect."* (Emphasis added). Since Debtor filed his Motion after the time for filing the Certificate had expired, he must meet the "excusable neglect" standard.

The Bankruptcy Code is a complicated statute, and Meaney is a *pro se* debtor. Even with the advice of counsel, debtors in this court often fail to file the required pre-petition certificate of credit counseling and post-petition certificate of personal financial management. This happens for any number of reasons. However, the reopening of a bankruptcy case is rarely objected to by creditors, and objections thereto have never been raised before the undersigned except in this case. Bankruptcy judges do not address the issue of "excusable neglect" *sua sponte* when creditors do not object. Here, Premier has made the rare objection.

Pursuant to Rule 1007(c) Fed. R. Bankr. P., "In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 45 days after the first date set for the meeting of creditors under § 341 of the Code." (Emphasis added.) The first § 341 meeting of creditors was set for September 18, 2007, and, therefore, Debtor was required to file his Certificate by November 2, 2007. Debtor made his Motion to reopen after expiration of the specified period permitted for the act to be done and, therefore, it must be determined whether such failure was the result of excusable neglect.

Of course, the Clerk's warning to file the Certificate within 45 days after the first meeting of creditors was mailed in this case after that deadline had passed. To ask why this *pro se* Debtor did not abide by the Clerk's warning before the warning was given would only make sense in a Kafka novel. See gene<u>rally</u> Franz Kafka, <u>The Trial</u>. Had Debtor filed the Certificate after that late warning but before his case had been closed, or before the creditor had taken any action to act on the dismissal, "excusable neglect" would have been manifest. So the focus here is on the

question of delay after case closing (December 28, 2007) and Debtor's receipt of Notice of the case closing (January 10, 2008), and filing of Motion to Reopen (January 23, 2008).

In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993), the Supreme Court interpreted the term excusable neglect as it applies in bankruptcy proceedings. Pioneer involved an untimely filing of claim by a creditor. Id. at 383. The Court found that excusable neglect "is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." Id. at 391; see also In re Infiltrator Systems, Inc., 241 B.R. 278, 281 (Bankr. D. Conn. 1999) (movant does not have to be entirely without fault in order for the court to find that movant's failure to file proof of claim prior to expiration of the bar date was the result of "excusable neglect," of the kind permitting an untimely claim). Factors used to determine excusable neglect include:

> (1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; (4) whether the creditor acted in good faith; and (5) whether clients should be penalized for their counsel's mistake or neglect.

Pioneer, 507 U.S. at 385. At least one court has interpreted the words "debtor" and "creditor" in the first and fourth factors literally and, therefore, found that those factors do not apply where a debtor is moving for an extension of time. See Lauro v. Shearer (In re Lauro), No. 07-C-670, 2007 WL 4180683, at *7 (W.D. Pa. Nov. 20, 2007). It makes more sense to interpret the Pioneer factors in terms of prejudice to the *non-movant*, and good faith of the *movant*. See In re Burton, 316 B.R. 138, 140 (S.D.N.Y. 2004). Courts have disagreed concerning the weight to give to the various factors. See Lauro, 2007 WL 4180683, at *5 n.4 (citing In re Keene Corp., 188 B.R. 903, 908 (Bankr. S.D.N.Y. 1995); and In re Sukmungsa, 333 B.R. 875, 879 (Bankr. D. Utah

2005)). A Seventh Circuit panel has indicated that the third factor (reason for delay), carries greater weight than the others. In re KMart Corp., 381 F.3d 709, 715 (7th Cir. 2004) (citations omitted).

Motions to reopen cases under § 350(b) are exempt from the one-year limitation of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 9024(1) (incorporating Fed. R. Civ. P. 60(b) into the Bankruptcy Rules). However, a motion to reopen is an equitable matter and, therefore, the equitable defense of laches applies. See, e.g., In re Hunter, 283 B.R. 353 (Bankr. M.D. Fla. 2002); see also Matter of Gratix, 72 B.R. 163 (D. Alaska 1984) (a motion to reopen must be filed within a reasonable time). The elements of laches are: (1) an unreasonable delay by one party in asserting its right or remedy; and (2) prejudice to the other party as a result of the delay. 31 Williston on Contracts § 79:11 (4th ed.). Thus, the laches issue can be read in conjunction with the Pioneer "prejudice to the non-movant" factor.

In determining whether Debtor failed with "excusable neglect" to take the required course and file the required Certificate until he did, the issue comes down to the question whether Premier was prejudiced by laches.

It is found and held that laches does not apply in this case and Premier is not prejudiced by allowing Debtor to reopen his bankruptcy case and file his Certificate. Debtor did not wait an unreasonable amount of time before presenting his Motion to reopen. He was served with Notice of the closure of his bankruptcy case on January 10, 2008, and he made his Motion to reopen on January 23. Premier argues that it was prejudiced because during that 13 day period it incurred attorney's fees in pursuing a deficiency judgment in state court after Debtor's bankruptcy was closed. According to testimony of Premier's counsel, he spent one and one-half hours pursuing

the deficiency judgment at a rate of $275 per hour, for a total billed to the creditor of $412.50. These costs are insignificant when weighed against Debtor's severe potential loss of discharge that can enable him to make a fresh start. But most significant, Debtor's 13-day delay was not unreasonable for him.

It is found and held that Meaney as a *pro se* debtor moved diligently to reopen his case once he learned of the case closure as result of his failure to obtain the Certificate. Thus, the length of delay was reasonably short, and not surprising in light of his need to return to Chicago from Michigan to get help to understand the procedural hurdles. (The Chicago Bar Foundation has funded and established a "Help Desk" in our Court for *pro se* filers to help them deal with procedural questions.) Then he obtained the required Certificate and filed his Motion to reopen the case.

The facts of this case are analogous to Lauro, supra, where, in analyzing reason for delay, the opinion found it significant that the notice from the bankruptcy clerk regarding the certificate of personal financial management did not mention the forty-five day deadline. 2007 WL 4180683, at *7. The reason for delay may be beyond a debtor's control when the notice from the bankruptcy clerk does not contain all the information contained in Rule 1007(c). How much more is the delay beyond a *pro se* debtor's control when the notice is mailed after the deadline!

The statutory language is clear. A debtor must file the certificate of completion within forty-five days after the first date *set* for the § 341 meeting of creditors, not within forty-five days of when the first meeting of creditors actually takes place. See In re Rhodes, 61 B.R. 626, 628-29 (B.A.P. 9th Cir. 1986); see also Matter of Hill, 48 B.R. 323, 325 (D.C. Ga. 1985). In this case, the first date for the § 341 meeting of creditors was September 18, 2007, and, therefore,

Debtor was required to file his Certificate by November 2, 2007. However, the Clerk did not mail the Notice until twenty days after the deadline for filing the Certificate had passed. Thus, the delay that followed was beyond Debtor's reasonable control, because he did not receive the Notice until after the deadline had passed. After that the Debtor acted with reasonable speed.

Finally, Debtor acted in good faith. Debtor's alteration of the caption on the Receipt to conform with the District in which his bankruptcy was filed was an effort to file it here, not an effort to deceive his creditors or the court. No harm was done. *De minimis non curat lex* (the law does not concern itself with trifles). See Brandt v. Board of Educ. of City of Chicago, 480 F.3d 460, 464 (7th Cir. 2007). Debtor's explanation at the hearing was credible; that the caption was automatically generated when he used his current Saugatuck, Michigan address to obtain the online course in personal financial management. He has since obtained and filed a corrected Receipt and proper Certificate.

## CONCLUSION

For the foregoing reasons, the objections are overruled and Debtor's Motion to reopen his bankruptcy case in order to file his Certificate of Completion of Instructional Course Concerning Personal Financial Management will be allowed by separate Order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 7th of March 2008.